**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**MILTON GILL #391359,**

        **Plaintiff(s),**          **CASE NUMBER: 05-72712**
                                     **HONORABLE VICTORIA A. ROBERTS**

v.

**DR. MATHAI, et al.,**

        **Defendant(s).**
_____/

**ORDER**

**I.   INTRODUCTION**

This matter is before the Court on Defendant Debbie Roth's Motion for Summary Judgment and her Rule 12(b)(6) Motion to Dismiss for Failure to Exhaust Administrative Remedies.[1]  For the reasons stated below, Defendant's motion for summary judgment is **GRANTED** and her motion to dismiss is **DENIED**.

**II.   BACKGROUND**

Plaintiff Milton Gill is an inmate at the Parnall Correctional Facility in Jackson, Michigan.  He filed a Complaint, *in pro per*, against Defendants Roth and Dr. Mathai based on their alleged failure to provide proper medications and care at Parnall.

---

[1] It appears that Co-Defendant Dr. Mathai, whose first name is unknown, has not been served with the Complaint in this matter.  Consequently, he is not party to this motion.

1

Plaintiff has since been appointed counsel and filed a First Amended Complaint.[2] Defendant's motion for summary judgment was filed before the First Amended Complaint, but the allegations in the Amended Complaint are substantially the same. Therefore, along with Defendant's motion to dismiss, the Court will consider Defendant's motion for summary judgment with regard to the First Amended Complaint.

Defendant Roth is the Health Unit Manager and Director of Nursing at Parnall. Plaintiff says that Dr. Mathai is a Qualified Health Professional. Plaintiff alleges that he has a number of health care issues: problems with his G.I. track and pain in his stomach, groin and feet. He also says that he has allergies that lead to rashes and skin irritation, and ulcer and hemorrhoidal problems which require a special diet.

Because of his ulcer and hemorrhoidal problems, Plaintiff says that he requested to be put on the "diet line" and to receive a stool softener; many of the foods served are difficult for him to digest and irritate both problems. He complained of a constant, throbbing sensation in his left toe due to a prior infection. And, prior to his incarceration, he was on a number of prescribed medications. But, he alleges that his request for those same medications and dosages from Roth and Mathai were ignored.

Plaintiff says that he made Roth and Dr. Mathai aware of his medical needs through numerous "kites,"[3] verbal complaints and grievances. However, he says that

---

[2]In the First Amended Complaint, Plaintiff names a number of additional Defendants (first names are not given): Nurse Richardson, Dr. Cabrera, Dr. Rlehight, Nurse Carben, Nurse Crisenbury, Dr. Zalen, John Doe psychologist, John Doe psychiatrist, John Doe surgeon, John Doe medical doctor, Correctional Medical Services and the Michigan Department of Corrections.

[3]"Kites" are forms through which prisoners communicate with prison staff.

they deprived him of the proper medications and attention.  Therefore, he alleges that Defendants were deliberately indifferent to his medical needs.

### III.     STANDARD OF REVIEW

Defendant brings her motions under FRCP 56(c) and 12(b)(6).  Under Rule 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  In reviewing a motion for summary judgment, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion."  *Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir.1986).

The movant has the initial burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  If the movant meets this burden, the nonmoving party must, by affidavit or otherwise as provided by Rule 56, "set forth specific facts showing that there is a genuine issue for trial." Rule 56(e).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  The essential inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Id.* at 251-252.  If the nonmoving party does not respond with facts showing a genuine issue for trial, summary judgment is appropriate.  *Emmons v. McLaughlin*, 874 F.2d 351, 353 (6th Cir.1989).

When reviewing a Rule 12(b)(6) Motion, the trial court "must construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein."  *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994); *see also Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).  Because a Rule 12(b)(6) motion rests upon the pleadings rather than the evidence, "[i]t is not the function of the court [in ruling on such a motion] to weigh evidence or evaluate the credibility of the witnesses."  *Miller*, 50 F.3d at 377.  The court should deny a Rule 12(b)(6) motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v Gibson,* 355 U.S. 41, 45-46 (1957).  *See also Gazette*, 41 F.3d at 1064; *Miller*, 50 F.3d at 377. "While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions."  *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993).  Rather, the complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory."  *DeLorean*, 991 F.2d at 1240 (citations omitted).

## IV.   APPLICABLE LAW AND ANALYSIS

### A.   Defendant's Motion to Dismiss

Defendant asserts that dismissal is required on two grounds: 1) Plaintiff's failure to exhaust his administrative remedies with regard to the added Defendants dismissal of the entire Complaint, and 2) Plaintiff's failure to attach documents to the First Amended Complaint which establish that he exhausted his administrative remedies for the claims brought against her.

Defendant's arguments are based upon the exhaustion provision in the Prison Litigation Reform Act ("PLRA") of 1996, 42 U.S.C. §1997e(a), which states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under the PLRA, an inmate must utilize the prison grievance process for all claims relating to prison conditions or occurrences prior to filing a 42 U.S.C. §1983 civil rights lawsuit in federal court. *See Porter v Nussle,* 534 U.S. 516 (2002). A prisoner must present his grievance through one complete round of the prison grievance process, which includes Steps I through III. *See Burton v Jones*, 321 F.3d 569, 574 (6th Cir. 2003); *Thomas v Woolum,* 337 F.3d 720, 733 (6th Cir. 2003).

Prisoners must affirmatively demonstrate that the grievance process was exhausted by either "attach[ing] the decision containing the administrative disposition of the grievance to the complaint, or in the absence of written documentation, describ[ing] with specificity the administrative proceeding and its outcome." *Smith v Federal Bureau of Prisons,* 300 F.3d 721, 723 (6th Cir. 2002), *cert. den.,* 123 S.Ct. 1912 (2003). *See also Brown v Toombs,* 139 F.3d 1102, 1104 (6th Cir. 1998), *cert. den.,* 525 U.S. 833 (1998). A federal court may not consider the merits of claims that have not been fully exhausted. *Brown*, 139 F.2d at 1104.

However, there is a split of authority within the Sixth Circuit, and among other circuits, regarding whether courts are required to dismiss an entire complaint that contains exhausted and unexhausted claims (the "total exhaustion rule") or just the unexhausted claims (the "partial exhaustion rule"). *See Jones Bey v Johnson*, 407 F.3d

5

801 (6th Cir. 2005), *pet. for cert. filed,* 74 U.S.L.W. 3424 (Jan 09, 2005)(adopting the total exhaustion rule); *Spencer v Bouchard*, 449 F.3d 721 (6th Cir. 2006)(adopting the partial exhaustion rule).

In her first argument, Defendant urges the Court to adopt the total exhaustion rule and dismiss the entire complaint due to Plaintiff's failure to exhaust his administrative remedies for the claims asserted against the Defendants added in the First Amended Complaint. Defendant does not dispute that Plaintiff fully exhausted his claims against her.

For reasons stated more fully in the Court's Order dismissing the added Defendants, the Court agrees that Plaintiff failed to exhaust his administrative remedies as to those Defendants. *See* Order, September 26, 2006. However, the Court declines to adopt the total exhaustion rule. Rather, the Court will follow the most recent Sixth Circuit decision in *Spencer v Bouchard*, *supra*, which adopts the partial exhaustion rule. *See also Owens v Keeling*, --- F.3d ---, 2006 W.L. 2471963 (6th Cir. 2006)(reaffirming *Spencer*); *Bell v Konteh*, 450 F.3d 651 (6th Cir. 2006)(same). The *Spencer* Court asserted that the opposite position taken by the panel in *Jones Bey v Johnson, supra*, is contrary to the law of this circuit as established by *Hartsfield v Vidor*, 199 F.3d 305 (6th Cir. 1999). For reasons set forth more fully in its Order entered September 26, 2006, the Court agrees with and follows *Spencer*. Therefore, Defendant's motion for dismissal on this ground is denied.

As stated, Defendant does not dispute that Plaintiff attached documents to his initial Complaint which establish that he fully exhausted the claims against her. Nevertheless, Defendant contends that the claims against her must be dismissed

6

because Plaintiff failed to reattach those documents to the First Amended Complaint.

The Court declines to dismiss Plaintiff's claims on this basis. Plaintiff's error is procedural and would be readily remedied, without prejudice to Defendant, by amendment of the First Amended Complaint. Defendant's motion to dismiss is denied.

### B.     Defendant's Motion for Summary Judgment

Plaintiff makes it clear in his First Amended Complaint that his claim of deliberate indifference is brought under 42 U.S.C. §1983.[4] To state a claim under §1983, Plaintiff must show that he was 1) deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was caused by a person acting under color of law. *Miller v Calhoun,* 408 F.3d 803, 812 (6th Cir. 2005).

Defendant does not dispute that, as a government employee,[5] she was acting under color of law, or that Plaintiff adequately alleges violation of the Eighth Amendment. However, Defendant denies that there was a constitutional violation, and contends that she is entitled to qualified immunity in any event. The Court first considers whether Plaintiff established a constitutional violation. *See Saucier v Katz*, 533 U.S. 194, 201 (2001)(where the defense of qualified immunity is raised, the court

---

[4] 42 U.S.C. § 1983 states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen . . . the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

[5] The Court presumes that Defendant is an employee of the MDOC, rather than a private contract employee, because she did not indicate otherwise in her motion.

7

must first determine whether a constitutional violation has been established).

The Eighth Amendment proscribes cruel and unusual punishment and, thereby, "obliges prison authorities to provide medical care for prisoners' serious medical needs." *Brooks v Celeste,* 39 F.3d 125, 127 (6th Cir. 1994). "Where prison [or jail] officials are so deliberately indifferent to the serious medical needs of prisoners as to unnecessarily and wantonly inflict pain, they impose cruel and unusual punishment in violation of the Eighth Amendment." *Napier v Madison County, Kentucky,* 238 F.3d 739, 742 (6th Cir. 2001)(quoting *Horn v Madison County Fiscal Court,* 22 F.3d 653, 660 (6th Cir. 1994)). A prisoner may assert such a claim based on a prison doctor's response to the prisoner's needs or by prison officials' intentional act of denying or delaying access to medical care or treatment or intentionally interfering with prescribed treatment. *Estelle v Gamble,* 429 U.S. 97, 105 (1976).

To state a cause of action for deliberate indifference, a claimant must demonstrate, by a preponderance, both the objective and subjective elements. In order to satisfy the subjective element, a claimant must show that the prison official has a "sufficiently culpable state of mind." *Farmer v Brennan,* 511 U.S. 825, 834 (1994); *Brooks,* 39 F.3d at 127-128. "In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety. . . ." *Farmer,* 511 U.S. at 834. To establish a deliberately indifferent state of mind, a claimant "need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id* at 841.

Defendant Roth states in her brief that she is entitled to summary judgment

8

because Plaintiff cannot establish, preliminarily, that she was personally involved in the actions and omissions on which his claim is based.  She says that she was aware that Plaintiff made complaints to health care staff, but that she did not personally provide nursing care to him or evaluate or treat any of his conditions.  In support of these assertions, Plaintiff attaches an affidavit in which she implies that Plaintiff's medical service providers were solely responsible for Plaintiff's treatment and medication decisions.  *See* Def. Aff. at ¶¶4-12.  At the same time, however, Defendant appears to admit Plaintiff's allegations of neglect.  She states, "I have been made aware of Plaintiff's medical needs through numerous kites, verbal complaints and grievances ***and intentionally deprived him of proper medications and medical attention***."  Def. Aff. at ¶15 (emphasis added).  Although it conflicts with other assertions by Defendant, this apparent admission is evidence which must be construed in Plaintiff's favor and establishes the subjective prong of a *prima facie* Eighth Amendment deliberate indifference violation.

Plaintiff's claim nevertheless fails, however, on the objective prong.  The objective element requires a claimant to show that the alleged deprivation is "sufficiently serious." *Farmer,* 511 U.S. at 834; *Brooks,* 39 F.3d at 127-128.  And, where an inmate alleges that he suffered a serious deprivation due to a delay in treatment, the Sixth Circuit requires that the inmate come forward with "verifying medical evidence . . . to establish the detrimental effect of the delay . . . ." *Napier,* 238 F.3d at 742.

In his Response to Defendant's motion, Plaintiff does not present any medical evidence to support his claim that the alleged delays in his medical treatment caused a

9

serious medical injury. To the extent he incorporates the documents attached to his original Complaint, they are insufficient because they do not include any medical or other documents which verify any detrimental effects Plaintiff suffered from the alleged delays in treatment or medication. Therefore, Plaintiff failed to establish an Eighth Amendment violation, and Defendant's assertion of qualified immunity is moot. Defendant's Motion for Summary Judgment is granted.

## V.     CONCLUSION

Defendant's Rule 12(b)(6) Motion to Dismiss for Failure to Exhaust Administrative Remedies is **DENIED**, but her Motion for Summary Judgment is **GRANTED**.

**IT IS SO ORDERED.**

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  September 27, 2006

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on September 27, 2006.
>
> s/Linda Vertriest
> Deputy Clerk

10