**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**MILTON GILL #391359,**

                        **Plaintiff(s),**          **CASE NUMBER: 05-72712
                                                   HONORABLE VICTORIA A. ROBERTS**

**v.**

**DR. MATHAI, et al.,**

                        **Defendant(s).**
_____/

**ORDER**

        The Court reviewed Plaintiff Milton Gill's First Amended Complaint.  Based on

that review, the Court dismisses a number of Defendants *sua sponte.*  Plaintiff is an

inmate at the Parnall Correctional Facility.  He brings this action under 42 U.S.C. §1983

against the Michigan Department of Corrections ("MDOC") and a number of health care

providers at Parnall ("the medical provider Defendants"):  Dr. Mathai, Debbie Roth,

Nurse Richardson, Dr. Cabrera, Dr. Rlehight, Nurse Carben, Nurse Crisenbury, Dr.

Zalen, John Doe psychologist, John Doe psychiatrist, John Doe surgeon, John Doe

medical doctor and Correctional Medical Services.  He alleges that all of the Defendants

were deliberately indifferent to his medical needs in violation of the Eighth Amendment.

        However, Plaintiff has not demonstrated that he exhausted his administrative

remedies against all of the medical provider Defendants in accordance with the Prison

Litigation Reform Act ("PLRA") of 1996, 42 U.S.C. §1997e(a).  And, the MDOC is

immune from suit.

## A.    PLRA

Under §1997e(a), an inmate must attempt to resolve his claims through the prison grievance process prior to filing a 42 U.S.C. §1983 lawsuit in federal court:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a). *See also Porter v Nussle,* 534 U.S. 516 (2002).   A claim is not exhausted unless the inmate pursues it through one complete round of the prison grievance process, which (in the MDOC) includes three steps.  *See Burton v Jones*, 321 F.3d 569, 574 (6th Cir.  2003); *Thomas v Woolum,* 337 F.3d 720, 733 (6th Cir.  2003). And, all of the allegations and parties against whom the prisoner wishes to proceed must be identified at Step I.  *Burton,* 321 F.3d at 574.

In the complaint, a prisoner must affirmatively demonstrate that the grievance process was exhausted by either "attach[ing] the decision containing the administrative disposition of the grievance to the complaint, or in the absence of written documentation, describ[ing] with specificity the administrative proceeding and its outcome."  *Smith v Federal Bureau of Prisons,* 300 F.3d 721, 723 (6th Cir. 2002), *cert. den.,* 123 S.Ct. 1912 (2003).  *See also Brown v Toombs,* 139 F.3d 1102, 1104 (6th Cir. 1998).  A federal court may not consider the merits of claims that have not been fully exhausted.  *Brown*, 139 F.2d at 1104; *Jones Bey v Johnson*, 407 F.3d 801 (6th Cir. 2005), *pet. for cert. filed,* 74 U.S.L.W. 3424 (Jan 09, 2005).

Plaintiff attached documents to his original Complaint which show that he pursued a grievance against Dr. Mathai and Debbie Roth through each of the necessary

2

steps in the grievance process.  But, Plaintiff's claims against Ms. Roth were dismissed

in a separate Order.  *See* Order Granting Defendant Roth's Motion for Summary

Judgment, September 27, 2006.  And, Plaintiff does not attach any documents

establishing exhaustion against the remaining medical provider Defendants; nor does

he describe administrative proceedings against them with the requisite specificity.  In

the First Amended Complaint, Plaintiff only states that he "exhausted all administrative

remedies available."  First Amended Complaint at ¶30.  This conclusory assertion is

insufficient to establish exhaustion.  *See Smith,* 300 F.3d at 723.

Therefore, the only remaining medical provider Defendant against whom

Plaintiff's claims were properly exhausted is Dr. Mathai.

There is a split of authority--even within the Sixth Circuit--as to whether Plaintiff's

inclusion of exhausted and unexhausted claims in his complaint (*i.e.*, a "mixed"

complaint) requires that the entire complaint be dismissed for lack of total exhaustion

(otherwise known as "the total exhaustion rule") or just that the unexhausted claims be

dismissed (otherwise known as "the partial exhaustion rule").

In *Jones Bey, supra*, a panel of the Sixth Circuit purported to resolve what it

regarded as an open question in the Circuit regarding whether total exhaustion is

required.  The Court joined the Eighth and Tenth Circuits in holding that total exhaustion

is required.  In doing so, the Court rejected Judge Clay's assertion in dissent that the

question was already resolved in favor of partial, rather than total, exhaustion by

another Sixth Circuit panel in *Hartsfield v Vidor*, 199 F.3d 305 (6th Cir.  1999).

In *Hartsfield*, an inmate filed a complaint that included exhausted and

unexhausted claims.  The *Hartsfield* Court dismissed the unexhausted claims without

3

prejudice and affirmed the lower court's dismissal of the exhausted claims on the merits.

However, in its analysis, the Court did not discuss the merits of partial versus total

exhaustion.  It is not clear whether the parties even raised the issue.

The *Jones Bey* Court acknowledged that *Hartsfield* applied the principle of partial

exhaustion.  However, because *Hartsfield* did not discuss partial or total exhaustion, the

*Jones Bey* Court found that *stare decisis* did not preclude it from deciding the issue.

Judge Clay disagreed stating:

> [E]ven if one were to argue that *Hartsfield* did not expressly hold that
> a partial exhaustion rule applies, the *Hartsfield* panel indisputably
> could not have decided the case in the way that it did if total
> exhaustion was required.

407 F.3d at 810 (J. Clay, dissenting).

In March 2006, a different Sixth Circuit panel in *Rinard v Luoma,* 440 F.3d 361,

363 (6th Cir. 2006), reaffirmed *Jones Bey* stating:

> Today we make clear that we continue to subscribe to the long-held
> standard that "[q]uestions which merely lurk in the record, neither
> brought to the attention of the court nor ruled upon, are not to be
> considered as having been so decided as to constitute precedents."
> *Nemir v Mitsubishi Motors Corp.,* 381 F.3d 540, 559 (6th Cir.
> 2004)(*quoting Webster v Fall,* 266 U.S. 507, 511, 45 S.Ct. 148, 69
> L.Ed. 411 (1925)).  Thus, although the total/partial exhaustion
> question lurked amid the record in *Hartsfield*, that case did not
> address nor decide the issue so as to be binding upon this court.  By
> contrast, *Jones Bey* definitively answered the question presented
> here and we now follow it.

In June 2006, however, yet another panel (which included Judge Clay) in *Spencer v*

*Bouchard*, 449 F.3d 721 (6th Cir. 2006), took the opposite position.  The *Spencer* Court

reasoned that the *Hartsfield* Court could not have reached the merits of the exhausted

claims under the total exhaustion rule.  Therefore, the *Spencer* Court asserted that

4

*Hartsfield's* holding that the plaintiff's exhausted claims survived (for analysis on the merits) despite the unexhausted claims was necessary to the result the Court reached. Consequently, the *Spencer* Court held that partial exhaustion is the law of this circuit because *Hartsfield* preceded *Jones Bey*. *See also Owens v Keeling*, --- F.3d ---, 2006 W.L. 2471963 (6th Cir. 2006)(*Spencer* panel reaffirming holding in *Spencer*); *Bell v Konteh*, 450 F.3d 651 (6th Cir. 2006)(same).

The circuits split on this issue as well. The Tenth Circuit requires total exhaustion. *See Ross v County of Bernalilo,* 365 F.3d 1181, 1189 (10th Cir. 2004). The Second, Fifth and Seventh allow partial exhaustion. *See Ortiz v McBride*, 380 F.3d 649, 663 (2nd Cir. 2004); *Johnson v Johnson*, 385 F.3d 503 (5th Cir. 2004); *Lewis v Washington*, 300 F.3d 829 (7th Cir. 2002). And, the Eighth Circuit applies a hybrid rule--requiring total exhaustion but permitting plaintiffs to amend their complaints to delete unexhausted claims. *See Kozohorsky v Harmon*, 332 F.3d 1141, 1144 (8th Cir. 2003). In March 2006, the United States Supreme Court granted *certiorari* in *Williams v Overton*, --- U.S. ---, 126 S.Ct. 1463 (2006) and *Jones v Bock,* --- U.S. ---, 126 S.Ct. 1462 (2006), to resolve the issue.

Until the Supreme Court rules, the Court will follow *Spencer*. The Court agrees that the *Hartsfield* Court implicitly adopted the partial exhaustion rule by considering the merits of the plaintiff's exhausted claims. Therefore, the *Jones Bey* panel's decision is not binding precedent on the issue because one panel of the Sixth Circuit cannot reverse a prior published ruling of another panel. *See United States v Cooper*, 302 F.3d 592, 597 n.2 (6th Cir. 2002)(only an en banc panel of the court can reverse a prior published ruling of a panel). Under *Hartsfield* and *Spencer*, Plaintiff may proceed on his

5

claim against Dr. Mathai.  But, his claims against the remaining medical provider Defendants are dismissed without prejudice.

**B.    MDOC**

The MDOC is entitled to sovereign immunity under the Eleventh Amendment. "[I]n the absence of consent[,] a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State School & Hospital v Halderman*, 465 U.S. 89, 100 (1984).  The MDOC is a Michigan agency,[1] and the State of Michigan has not consented to being sued in civil rights actions in federal courts.  *Johnson v Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004).  Therefore, Plaintiff's claim against the MDOC fails as a matter of law.

For the reasons stated above, Plaintiff's claims against the medical provider Defendants, except Dr. Mathai, are dismissed without prejudice for failure to exhaust. Plaintiff's claim against the MDOC is also dismissed under the Eleventh Amendment.

Plaintiff's case will proceed against Dr. Mathai only.

---

[1]"The Department of Corrections originated within chapter 12 of the Executive Organization Act, M.C.L. § 16.375; MSA 3.29(275), and represents an administrative agency within the executive branch of Michigan's government."  *Hopkins v Michigan Parole Board,* 237 Mich.App. 629, 636 (1999).

6

**IT IS SO ORDERED.**

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  September 27, 2006

The undersigned certifies that a copy of this
document was served on the attorneys of
record by electronic means or U.S. Mail on
September 27, 2006.

s/Linda Vertriest
Deputy Clerk