UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MILTON GILL,

        Plaintiff,

                                    CASE NO. 05-72712

v.                                HONORABLE VICTORIA A. ROBERTS

DR. MATHAI, *et al.,*

        Defendants.

_____/

## <u>ORDER DENYING PLAINTIFF'S REQUESTS</u><br><u>TO RE-OPEN THIS CASE</u> (Dkt. #79 and #80)

### I. Background

      This is a prisoner civil rights action under 42 U.S.C. § 1983.  Plaintiff Milton Gill

is a state inmate currently confined at Parnall Correctional Facility ("Parnall") in

Jackson, Michigan.  Plaintiff alleged in a *pro se* complaint filed on July 8, 2005, that he

suffered from a variety of medical problems and that the defendants were deliberately

indifferent to his serious medical needs.  The named defendants were Dr. Mathai, a

qualified health professional at Parnall, and Debbie Roth, a health unit manager at

Parnall.

      The Court appointed an attorney for Plaintiff, and on July 31, 2006, Plaintiff filed

an amended complaint through counsel.  On October 29, 2007, Plaintiff filed a second

amended complaint, naming Dr. Mathai, Nurse Richardson, Dr. Cabrera, Nurse Carben,

Dr. Zalen, and Correctional Medical Services as defendants.  Plaintiff alleged that the

defendants had no lawful excuse for failing and refusing to properly investigate, treat,

and manage his medical problems.  Shortly after Plaintiff filed his second amended complaint, the Court appointed an independent physician to evaluate Plaintiff's condition and to inform the Court of the status of Plaintiff's health and medical needs.

The independent physician evaluated Plaintiff, and on April 29, 2008, the parties stipulated to a dismissal of all claims.  The Court then dismissed all the claims by all the parties without prejudice and without costs to any party.  *See* Stipulation and Order to Dismiss, Dkt. #77 and #78.

This matter is now before the Court on Plaintiff's letters to the Court, which were filed on February 10, 2014, and February 20, 2014.  Both letters seek to have the Court re-open this case on the basis that Plaintiff is not receiving proper medical care.

## II.  Analysis

As noted above, Plaintiff voluntarily dismissed all his claims against the defendants.  Although the dismissal was without prejudice, Plaintiff fails to show what each defendant through his or her own individual actions did to violate his constitutional rights.  While a complaint need not contain "detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted).  A complaint "cannot be founded upon conclusory, vague, or general allegations."  *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002).

None of the defendants named in Plaintiff's second amended complaint appear to be currently involved with Plaintiff or able to assist him.  And Plaintiff's letters to the Court fail to plead "factual content that allows the court to draw the reasonable inference

2

that the defendant[s are] liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009). The Court therefore declines to re-open this case and **DENIES**

Plaintiff's letter requests (Dkt. #79 and #80).

<u>S/Victoria A. Roberts</u>
United States District Judge

Dated: 12/3/2014